IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON JOHNSON, | No. C-10-02505 EDL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO HAVE THE COURT ORDER CLERK TO ENTER DEFAULT** |
| v. | |
| BRITISH PETROLEUM OF AMERICA, | |
| Defendant. | |

Due to a clerical error, on March 1, 2011, the clerk re-filed a previous order instead of filing the correct order. The following order resolves Plaintiff's Motion to Have the Court Order the Clerk to Enter Default.

Pro se Plaintiff Ron Johnson alleges negligence and antitrust claims against the defendant based on the defendant's alleged refusal to use Plaintiff's technology to clean up the Deepwater Horizon oil spill and other oil spills. The Court granted Plaintiff's in forma pauperis application in July 2010, and the clerk of the court issued a summons on the same day.

On September 2, 2010, Plaintiff filed an application for default judgment. On September 15, 2010, the Court issued an order stating that the Court could not consider a motion for default judgment until default had been entered. See Fed. R. Civ. P. 55(b). On September 23, 2010, Plaintiff sought entry of default against the defendant. See Fed. R. Civ. P. 55(a). On September 24, 2010, the clerk declined default because there was no return of service showing service on Defendant.

1   Subsequently, the Marshal's Service provided a return of service by certified mail on the
2   defendant that was dated on October 8, 2010. The Court held a case management conference on
3   November 10, 2010, at which Plaintiff appeared and counsel for BP America, Inc. specially
4   appeared. At that time, counsel for BP America, Inc. informed the Court that this case has been
5   identified as a tag-along case in a multi-district litigation in the Eastern District of Louisiana (MDL
6   2179).

7   Since November 10, 2010, Plaintiff has sought entry of default two more times, and the
8   clerk's office has denied default each time. The first request was declined because the return of
9   service showed that the summons and complaint were delivered, but did not indicate to whom they
10  were delivered. The second request was declined because Federal Rule of Civil Procedure 4 and
11  California Code of Civil Procedures section 416.10 require that service be made either to an officer
12  of the corporation or a designated agent for service. The proof of service contained an illegible
13  signature for the documents and did not specify the capacity of the signatory within the corporation.

14  On January 22, 2011, Plaintiff filed a Motion to have the Court Order Clerk to Enter Default
15  in this case. Counsel for BP America, Inc. specially appeared to file an opposition to this motion,
16  and Plaintiff did not file a reply. Because this matter was appropriate for decision without oral
17  argument, the Court vacated the March 1, 2011 hearing. For the reasons stated in this Order,
18  Plaintiff's Motion is denied.

19  First, Plaintiff has named a non-existent entity, "British Petroleum of America, Inc.," as the
20  defendant in this case. Therefore, attempts at service on British Petroleum of America were
21  ineffective. See Saavedra v. UPS, 2003 WL 23989926, at *1-2 (N.D. Cal. May 15, 2003). (ruling
22  that the initial complaint in that case was not removable on the basis of federal question or diversity
23  jurisdiction because it named a nonexistent corporate entity: "Therefore, if Defendants were not
24  properly served, it is immaterial that they had knowledge of the complaint. It is undisputed that
25  Defendant UPS was not served with the original complaint, since the original complaint failed to
26  properly name UPS as a defendant."). Here, the correct entity is "BP America, Inc." Because
27  Plaintiff sued an non-existent entity, service was not effective and default is not appropriate even
28  though BP America, Inc. has knowledge of this action. BP America, Inc. indicated in its opposition

2

1 that it is willing to proceed with this case once Plaintiff names the correct defendant.  Thus, the
2 Court urges Plaintiff to meet and confer with counsel for BP America, Inc. as soon as possible in an
3 effort to reach a stipulation to amend the complaint to properly name the defendant.

4 　　　　　Second, the summons in this case was served by the Marshal's Service by certified mail
5 addressed to "British Petroleum of America - Legal Department" to BP America, Inc.'s Texas office
6 complex, rather than through its California agent for service of process.   California Code of Civil
7 Procedure section 415.40 allows service of an out-of-state defendant by mailing the summons to the
8 person to be served by first-class mail, return receipt requested.  California Code of Civil Procedure
9 section 416.10 provides that a corporation is served by delivering a copy of the summons and
10 complaint to a corporate officer, a general manager, "or a person authorized by the corporation to
11 receive service of process. . . ."  Here, service did not comply with section 416.10 because the
12 complaint was addressed to the "Legal Department," not an officer or a person authorized to receive
13 service.  See Dill v. Berquist Construction Co., Inc., 24 Cal.App.4th 1426, 1444-45 (1994) (where
14 the plaintiff addressed the complaint to the corporation generally and not an individual, service was
15 ineffective under sections 415.40 and 416.10 regardless of the company's knowledge of the
16 complaint).

17 　　　　　Strict compliance with the service statutes is not required; substantial compliance can suffice.
18 See Dill, 24 Cal.App.4th at 1436-37 ("However, strict compliance if not required.  In deciding
19 whether service was valid, the statutory provisions regarding service of process "'should be liberally
20 construed to effectuate service and uphold the jurisdiction of the court if actual notice has been
21 received by the defendant. . . .'").  Here, however, BP America, Inc. has shown that it was not aware
22 of Plaintiff's complaint until after the case management conference, so there was no substantial
23 compliance with the service statutes.  Plaintiff argues that BP America, Inc.'s designated mail
24 delivery pick-up service was its authorized agent for service of this action.  See Mot. at ¶ 1.
25 However, Plaintiff has no evidence to support that argument, and BP America, Inc. has provided
26 evidence that the mail pick-up service is not an authorized agent for service of process.  Carlstrand
27 Decl. ¶ 3; see also Dill, 24 Cal.App.4th at 1438-39 (". . . the mere fact that some employee of the
28 corporation received the summons does not necessarily establish substantial compliance.  Rather,

3

there must be evidence 'establishing actual delivery to the person to be served. . . .'") (quoting Cal. Code of Civ. P. § 417.20(a)).  Further, an agent for service of process must be specifically named as such or must be a person named in the California Code of Civil Procedure.  See Summers v. McClanahan, 140 Cal.App.4th 403, 411-12 (2006) (noting that the comments to the Civil Procedure Code authorizing personal service on an authorized agent state: "If the process is delivered to an agent of defendant, such agent must be one who is authorized by law or appointment to receive service of process, and the agent of an individual for other purposes is not necessarily authorized to receive such process," and that while "a specific appointment is not required, but the principal-agent relationship must be close and enduring enough to make it highly probable the defendant will receive actual notice.") (citing Doherty & Co. v. Goodman, 294 U.S. 623 (1935)).

For these reasons, Plaintiff's Motion to have Court Order Clerk to Enter Default is denied. No later than April 4, 2011, Plaintiff shall file a status report informing the Court about the progress of the parties' meet and confer discussions regarding amendment of the complaint to name the proper defendant.

**IT IS SO ORDERED.**

Dated: March 14, 2011

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge