IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>BRITISH PETROLEUM OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C-10-02505 EDL<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

    On June 7, 2010, Pro se Plaintiff Ron Johnson filed this action alleging negligence and antitrust claims against the defendant based on the defendant's alleged refusal to use Plaintiff's technology to clean up the Deepwater Horizon oil spill in Louisiana and other oil spills. Plaintiff alleges that the defendant maintains a monopoly with a few selected companies in connection with oil spill cleanup.

    On July 16, 2010, the Court granted Plaintiff's Application to Proceed In Forma Pauperis. A summons was issued the same day. On September 2, 2010, Plaintiff filed an Application for Default Judgment against the defendant. On September 15, 2010, the Court issued an order stating that the Court could not consider a motion for default judgment until default had been entered. See Fed. R. Civ. P. 55(b). On September 23, 2010, Plaintiff sought entry of default against the defendant. See Fed. R. Civ. P. 55(a). On September 24, 2010, the clerk declined default because there was no return of service showing service on the defendant.

1    Subsequently, the Marshal's Service provided a return of service by certified mail on the
2 defendant that was dated on October 8, 2010. The Court held a case management conference on
3 November 10, 2010, at which Plaintiff appeared and counsel for BP America, Inc. specially
4 appeared. At that time, counsel for BP America, Inc. informed the Court that this case had been
5 identified as a tag-along case in a multi-district litigation in the Eastern District of Louisiana (MDL
6 2179).

7    Subsequently, Plaintiff sought entry of default two more times, and the clerk's office denied
8 default each time. The first request was declined because the return of service showed that the
9 summons and complaint were delivered, but did not indicate to whom they were delivered. The
10 second request was declined because Federal Rule of Civil Procedure 4 and California Code of Civil
11 Procedures section 416.10 require that service be made either to an officer of the corporation or a
12 designated agent for service. The proof of service contained an illegible signature for the documents
13 and did not specify the capacity of the signatory within the corporation.

14    On January 22, 2011, Plaintiff filed a Motion to have the Court Order Clerk to Enter Default
15 in this case. Counsel for BP America, Inc. specially appeared to file an opposition to that motion,
16 and Plaintiff did not file a reply. On March 14, 2011, the Court denied Plaintiff's motion for several
17 reasons. Most importantly, Plaintiff named a non-existent entity, "British Petroleum of America,
18 Inc.," as the defendant in this case. The Court explained that the correct entity is "BP America, Inc."
19 The Court noted that counsel for BP America, Inc. indicated its willingness to proceed with this case
20 once Plaintiff named the correct defendant, and therefore, the Court urged Plaintiff to meet and
21 confer with counsel for BP America, Inc. as soon as possible in an effort to reach a stipulation to
22 amend the complaint to properly name the defendant. The Court ordered Plaintiff to file a status
23 report regarding the parties' meet and confer efforts no later than April 4, 2011.

24    Instead of filing a status report by April 4, Plaintiff filed a Motion for Relief of Order under
25 Federal Rule of Civil Procedure 60(b)(3) on March 30, 2011. Plaintiff argued that the Court should
26 vacate its March 14, 2011 ruling based on fraud, misrepresentation and misconduct by the
27 defendant's counsel. The Court denied Plaintiff's Motion on April 8, 2011 on the grounds that Rule
28 60(b)(3) did not apply because the March 14, 2011 Order was not a final judgment or order.

2

1    On April 18, 2011, Plaintiff filed a motion for leave to file a motion for reconsideration that
2 stated in its entirety:

3 > Pro Se Plaintiff respectfully request permission to file a motion for reconsideration,
> en lite of new supporting evidence of material facts filed on March 30, 2011.  Docket
4 > has not yet been recorded.

5 On May 4, 2011, the Court denied Plaintiff's April 18, 2011 motion on the grounds that it was

6 unclear from Plaintiff's filing what ruling he wanted the Court to reconsider.  Even if Plaintiff

7 sought reconsideration of the Court's most recent Order on April 8, 2011, the Court stated that

8 Plaintiff had not made a showing to warrant reconsideration under Civil Local Rule 7-9.  The Court

9 also stated that it had received a letter dated April 21, 2011 from counsel for BP America Inc.

10 informing the Court that the Joint Panel on Multidistrict Litigation (JMPL) had determined that this

11 case was not sufficiently related to the Multidistrict Litigation No. 2179 action in the Eastern

12 District of Louisiana, and that therefore, the JPML had denied BP America Inc.'s motion to transfer.

13 Further, in the April 21, 2011 letter, counsel for BP America Inc. stated that: "If Mr. Johnson

14 amends his complaint to name BP America Inc., or any existing BP or BP-affiliated entity, and

15 provides a copy to myself, BP will treat that as effective service and respond to Mr. Johnson's

16 complaint at the appropriate time."  Thus, the Court ordered Plaintiff to either file and serve an

17 amended complaint that named a proper BP entity or file a declaration showing cause why this case

18 should not be dismissed for failure to prosecute.

19    Instead of filing an amended complaint or submitting a declaration, Plaintiff filed a Motion

20 for De Novo Review of Non-Dispositive Matter by District Judge on May 13, 2011.  Plaintiff has

21 consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), so de novo review of this

22 Court's decisions by a district judge is not available.  See 28 U.S.C. § 636(c)(1) ("Upon the consent

23 of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a

24 jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to

25 exercise such jurisdiction by the district court or courts he serves."); 28 U.S.C. § 636(c)(3) ("Upon

26 entry of judgment in any case referred under paragraph (1) of this subsection, an aggrieved party

27 may appeal directly to the appropriate United States court of appeals from the judgment of the

28 magistrate judge in the same manner as an appeal from any other judgment of a district court.").

3

1 Further, although the Federal Rules of Civil Procedure and the Court's Civil Local Rules provide for
2 do novo review of a dispositive matter that has been referred to a magistrate judge, this case was not
3 referred to this Court by a district court judge for resolution of a dispositive matter. See Fed. R. Civ.
4 Proc. 72(b); Civil L.R. 72-3.  The Court has provided Plaintiff with several opportunities to move
5 this case forward.  As stated most recently in the Court's May 4, 2011 Order, this case could proceed
6 if Plaintiff would simply amend his complaint to name a proper BP entity, and mail the amended
7 complaint to counsel for BP America, Inc.  Yet Plaintiff has steadfastly refused to do so.
8 Accordingly, because Plaintiff has not amended his complaint or filed a declaration stating why this
9 case should not be dismissed for failure to prosecute as required by the Court's May 4, 2011 Order,
10 the Court dismisses this case.[1]

**IT IS SO ORDERED.**

Dated: May 31, 2011

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] The Court does not require the consent of the defendant because the defendant has not been served and therefore is not a party under the meaning of 28 U.S.C. § 636(c).  See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).