IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON JOHNSON, | No. C-10-02505 EDL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(B)(3)** |
| v. | |
| BRITISH PETROLEUM OF AMERICA, | |
| Defendant. | |

The procedural history of this case was exhaustively set out in the Court's June 2, 2011 Order (docket number 46) and is incorporated herein by reference. Following the Court's June 2, 2011 Order, on June 16, 2011, Plaintiff filed a Motion for Relief from Order under Federal Rule of Civil Procedure 60(b)(3). Plaintiff makes several arguments in his motion under Rule 60(b)(3), including that: (1) Defendant has known about this case since June 14, 2010 when it included the case in a motion to the Judicial Panel on Multidistrict Litigation (JPML), but that Defendant told the Court in November 2010 that it had not received the complaint; (2) by filing the motion with the JPML, Defendant has waived its right to service through a written admission; (3) BP America is also known as BP of America and British Petroleum of America, so Plaintiff's failure to name the correct defendant is harmless; (4) Defendant's agent signed for the summons and complaint, even though Defendant told the Court that the agent was just a mail delivery service; (5) the Court erred in considering the letter sent by Defendant in opposition to Plaintiff's earlier motion because default should have been entered first; and (6) the motion for clerk to enter default was not about Defendant,

but was about the clerk.

To prevail on a 60(b)(3) motion, Plaintiff must: (1) establish fraud by clear and convincing evidence, (2) show that this fraud was not discoverable before or during the proceedings, and (3) show that it was materially related to the submitted issue. See Pacific & Arctic Ry. and Navigation Co. v. United Transp. Union, 952 F.2d 1144, 1148 (9th Cir. 1991). Here, Plaintiff has failed to satisfy the requirements of Rule 60(b)(3). First, Plaintiff has failed to support his motion with admissible evidence because none of the exhibits attached to his motion are authenticated. Even if Plaintiff had filed a motion with admissible evidence, Plaintiff's allegations of fraud rely on inferences and do not show fraud under a clear and convincing standard. Further, the fraud was discoverable during the proceedings, and in fact, Plaintiff notified the Court of the alleged fraud on several occasions. Accordingly, Plaintiff's Motion is denied.

**IT IS SO ORDERED.**

Dated: July 5, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

2